IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SADIE DALLASERRA,<br><br>     Plaintiff,<br><br>vs.<br><br>UNITED STATES PROBATION<br>AND PRETRIAL SERVICES for the<br>UNITED STATES DISTRICT<br>COURT FOR THE DISTRICT OF<br>MONTANA, and TANYA WILSON,<br>an individual and employee of<br>UNITED STATES PROBATION<br>AND PRETRIAL SERVICES,<br><br>     Defendants. | CV 22-139-BLG-JVS<br><br><br>ORDER |

Defendants, United States Pretrial Probation and Pretrial Services for the United States District Court for the District of Montana ("Probation and Pretrial Services") and Tanya Wilson ("Wilson") (collectively, "Defendants"), move to dismiss the complaint.  (Mot., Dkt. No. 15; Defs.'s Brief, Dkt. No. 16.)  Plaintiff, Sadie Dallaserra ("Dallaserra"), opposed.  (Opp'n, Dkt. No. 23.)  Defendants replied.  (Reply, Dkt. No. 25.)

For the following reasons, the Court **GRANTS** the motion.  The Court finds that oral argument would not be helpful in this matter.  Fed R. Civ. P. 78; L.R.

78.1.[1]

## I. BACKGROUND

The following facts come from Dallaserra's Complaint.  (Compl., Dkt. No. 3.)  Dallaserra began working for Probation and Pretrial Services as a probation officer in August 2015.  (Id. ¶ 3.)  At the time, Wilson was Dallaserra's colleague.  (Id. ¶ 13.)

Brian Farren ("Farren") was Dallaserra's supervisor.  (Id. ¶ 17.)  Dallaserra alleges Farren often held gatherings in his home or local bars.  (Id. ¶¶ 14–15.)  Dallaserra also alleges Farren made suggestive comments regarding other employees in the office and that he was arrested for driving under the influence.  (Id. ¶¶ 18–21.)  Farren was eventually promoted to Deputy Chief for Probation and Pretrial Services.  (Id. ¶ 26.)  On April 11, 2019, Farren placed Dallaserra on a performance improvement plan ("PIP").  (Id. ¶ 27.)  The PIP was ended three months early for Dallaserra's "outstanding progress."  (Id. ¶ 28.)  On August 2, 2019, Dallaserra received a performance evaluation from Farren for her work in the previous six months.  (Id. ¶ 29.)  The evaluation noted Dallaserra "is a driven, hard-working officer who has proven to be a valued member of the District of

---

[1] See Dkt. No. 19 (clarifying this case will use the local rules for the District of Montana).

Montana and the Billings division in particular . . . ."  (Id.)  In the same month,

Wilson was promoted and became Dallaserra's direct supervisor.  (Id. ¶ 30.)

  Dallaserra and Wilson had a "somewhat tense working relationship."  (Id. ¶

31.)  On one occasion, Wilson screamed at and berated Dallaserra.  (Id. ¶ 34.)

Subsequently, Dallaserra requested a transfer to another supervising officer but

was denied.  (Id. ¶ 35.)  In September 2019, Dallaserra was placed on a PIP by

Wilson.  (Id. ¶ 37.)  Dallaserra's role was also changed from a "supervision"

officer to a "writing" officer, where she would now be responsible for writing pre-

sentence reports.  (Id. ¶ 38.)  Dallaserra's and Wilson's interactions "became

increasingly strained," and Dallaserra attempted to avoid Wilson.  (Id. ¶ 39.)

Dallaserra also began to develop physical symptoms as a result her interactions

with Wilson.  (Id. ¶ 40.)

  On December 2, 2019, Dallaserra brought her concerns to Farren.  (Id. ¶ 41.)

Dallaserra indicated she wanted to begin the grievance process.  (Id.)  On

December 10, 2019, Dallaserra was terminated.  She initiated the Employment

Dispute Resolution process and a final decision was reached on July 1, 2021.  (Id.

¶ 43.)

  Dallaserra brings claims against Probation and Pretrial Services for wrongful

discharge and negligent infliction of emotional distress and a claim against Wilson

for intentional infliction of emotional distress.

## II. LEGAL STANDARD

Dismissal is proper when a plaintiff fails to properly plead subject matter jurisdiction in the complaint.  Fed. R. Civ. P. 12(b)(1).  A "jurisdictional attack may be facial or factual."  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

If the challenge is based solely upon the allegations in the complaint (a "facial attack"), the court generally presumes the allegations in the complaint are true.  Id.; Warren v. Fox Fam. Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).  If instead the challenge disputes the truth of the allegations that would otherwise invoke federal jurisdiction, the challenger has raised a "factual attack," and the court may review evidence beyond the confines of the complaint without assuming the truth of the plaintiff's allegations.  Safe Air, 373 F.3d at 1039.  The plaintiff bears the burden of establishing subject matter jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

## III. DISCUSSION

### A.    Whether Dallaserra Fully Exhausted Administrative Remedies

Before a plaintiff can file suit under the Federal Tort Claims Act ("FTCA"), he or she must file an administrative claim to the appropriate federal agency and

4

have his or her claim finally denied by the agency.  <u>See</u> 28 U.S.C. § 2675(a);

<u>Jerves v. United States</u>, 966 F.2d 517, 519 (9th Cir. 1992).  The requirement that a

party file an administrative claim before filing an action under the FTCA is

jurisdictional.  <u>Brady v. United States</u>, 211 F.3d 499, 502 (9th Cir. 2000)

(construing 28 U.S.C. § 2675).  "Because the requirement is jurisdictional, it must

be strictly adhered to.  This is particularly so since the FTCA waives sovereign

immunity.  Any such waiver must be strictly construed in favor of the United

States."  <u>Id.</u>

  Defendants contend Dallaserra did not fully exhaust administrative

remedies.  (Defs.'s Brief 7.)  Dallaserra argues she did so by completing the

Employment Dispute Resolution ("EDR") process.  (Opp'n 5.)  A search of the

electronic records of the Administrative Office of the United States Courts indicate

Dallaserra never filed the required administrative claim. (Declaration of Tiffany

Lewis ("Lewis Decl."), Dkt. No 16-1.)  Accordingly, Dallaserra has failed to

satisfy the jurisdictional requirement to file an FTCA action.  Indeed, Dallaserra

does not dispute this finding.  Rather, Dallaserra contends completion of the EDR

process constitutes administrative exhaustion.  But Dallaserra fails to cite any

authority supporting this conclusion.  And the Court is not aware of any relevant

precedent indicating completion of the EDR process is the same as filing an

administrative claim for the purposes exhausting administrative remedies under the FTCA.

Dallaserra attempts to side-step the administration exhaustion requirement by arguing her wrongful discharge claim is not a common law tort claim.  (Opp'n 4.)  Instead, as Dallaserra argues, the claim is exclusively governed by Montana's Wrongful Discharge from Employment Act ("WDEA").  (Id.)  But the FTCA can encompass common law and statutory torts.  See Wilhite v. United States, No. CV 19-102-BLG-SPW-TJC, 2020 WL 6136382, at *3 (D. Mont. Aug. 3, 2020), report and recommendation adopted, 2020 WL 5105434 (D. Mont. Aug. 31, 2020) (citing Waters v. United States, 812 F. Supp. 166, 169 (N.D. Cal. 1993)).  Moreover, because the WDEA provides for damages for a "wrongful" discharge, Dallaserra's claim falls under the FTCA.  See id. ("Because the FTCA applies to claims for "wrongful" acts, [Plaintiff's] WDEA cause of action falls within its scope.")

Accordingly, Dallaserra's complaint must be dismissed for lack of jurisdiction.

B.      Preemption under the Civil Services Reform Act

Even assuming Dallaserra exhausted administrative remedies under the FTCA, her claims still fail.  The CSRA "creates a remedial scheme through which federal employees can challenge their supervisors' prohibited personnel practices."

6

Mangano v. United States, 529 F.3d 1243, 1246 (9th Cir. 2008) (internal

quotations omitted).  "If the challenged conduct falls within the scope of the

CSRA's prohibited personnel practices, then the CSRA's administrative

procedures are [the employee's] only remedy."  Id. (same).  Defendants argue

Dallaserra's claims are barred by the CSRA for three reasons: (1) "personnel

action" are preempted by the CSRA; (2) Dallaserra is not eligible for review under

the CSRA; and (3) Dallaserra underwent the internal review process and cannot

collaterally attack the results.  (Defs.'s Brief 10.)  Dallaserra disagrees.  (Opp'n 5.)

     The Court will address each of Defendants arguments in turn.  First,

Dallaserra alleges she was terminated in violation of Probation and Pretrial

Services's written personnel policies and thus she suffered emotional harm.  (See

Compl. ¶¶ 50–64.)  These allegations fall well within the broad limits of what

constitutes a "personnel action."  See Mangano, 529 F.3d at 1247.  Indeed, this

even includes the allegations of intentional infliction of emotional distress by

Dallaserra's supervisor.  See Saul v. United States, 928 F.2d 829, 841 (9th Cir.

1991) (discussing cases where dismissal of claim for intentional infliction of

emotional distress was proper).  Next, because she is a judicial employee,

Dallaserra's already adjudicated claims cannot now be reviewed by this Court.  See

In re Levenson, 587 F.3d 925, 935 (9th Cir. 2009) ("[Plaintiff], like most other

employees of the federal judiciary, has no remedies under the Civil Service Reform Act, . . . .") (citing <u>Dotson v. Griesa</u>, 398 F.3d 156, 170–71 (2d Cir. 2005)). Finally, as Dallaserra acknowledges, she fully underwent the EDR process and her claim was denied.  (Compl. ¶ 43.)  The EDR process does not allow further judicial review by this Court.  <u>In re Golinski</u>, 587 F.3d 956, 961 (9th Cir. 2009) ("Congress has decided that the Judiciary's EDR tribunals are the only forum where judicial employees may seek redress for unlawful personnel actions."); (<u>see also</u> Mot., Ex. 6, Dkt. No. 18-5 (sealed), at 25–26).

Accordingly, even if Dallaserra did exhaust her administrative remedies, her claims still fail.

### C.   Conclusion

Accordingly, the Court **GRANTS** the motion to dismiss.  Because amendment would be futile, dismissal is with prejudice.  <u>See Cal. ex rel. Cal. Dep't of Toxic Subs. Control v. Neville Chem. Co.</u>, 358 F.3d 661, 674 (9th Cir. 2004) ("[D]enial of leave to amend is appropriate if the amendment would be futile.").

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion.  Defendants shall lodge a proposed form of judgment with the Court within seven (7) days of this Order.

IT IS SO ORDERED.


DATED this 19th of July, 2023.

James V. Selna
United States District Judge